UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
CHRISTOPHER BEACH,                                          :
           Plaintiff,                                     :
                                                           :
v.                                                          :
                                                           :    **OPINION AND ORDER**
RAYMOND WALTER, New York State Police                       :
Investigator; JOHN FREDERICKSON, New York                   :    18 CV 5722 (VB)
State Police Trooper; and ANDREW FITCH, New                 :
York State Police Trooper, individually and in              :
their official capacities,                                  :
           Defendants.                                    :
--------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Christopher Beach, proceeding pro se and in forma pauperis, brings this action under 42 U.S.C. § 1983 against defendants Raymond Walter, John Frederickson, and Andrew Fitch, alleging defendants subjected him to an unconstitutional visual body cavity search after arresting him on felony drug charges.

      Now pending is defendants' motion to dismiss the second amended complaint pursuant to Rule 12(b)(6). (Doc. #28).

      For the reasons set forth below, the motion is GRANTED.

      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

      For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the second amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below. Because plaintiff is proceeding pro se, the Court also considers allegations made for the first time in plaintiff's opposition to the motion to dismiss.

1

See, e.g., Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[1]

Plaintiff alleges on February 2, 2018, he was a passenger in a car that was stopped by the New York State police. The police found narcotics in the car. Plaintiff was removed from the car, pat-frisked, handcuffed, and brought to the State police barracks in Wurtsboro, New York. Plaintiff was again pat-frisked, then handcuffed to a bench for about an hour to await the arrival of defendant Investigator Walter. When Investigator Walter arrived, he interviewed plaintiff and asked plaintiff whether any narcotics were hidden on plaintiff's person, to which plaintiff replied no. Plaintiff told Investigator Walter, "the drugs found in the car were all the drugs I had." (Doc. #26 ("SAC") at 4).

Plaintiff asked Investigator Walter for a cigarette. Investigator Walter's supervisor said it was okay and plaintiff was taken outside the back of the barracks for a smoke. Plaintiff alleges he and the officers "made small talk and laughed and joked while plaintiff smoked." (SAC at 5). Plaintiff was then brought back to the interview room and re-interviewed by Investigator Walter and his supervisor. When the interview was complete, plaintiff was again handcuffed to a bench.

Later that same day, defendant officers Fitch and Frederickson brought plaintiff back to the interview room and informed plaintiff that Investigator Walters had ordered them to conduct a strip search. Plaintiff asked why he was being strip searched before he was charged, and why it was being done by two officers and in front of a ceiling camera. The officers did not answer, and instead ordered plaintiff to strip and hand over his clothing.

The officers examined plaintiff's clothing while plaintiff stood naked. Plaintiff was then ordered to run his fingers through his mouth. The officers realized plaintiff had false teeth and

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this decision. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

ordered him to remove those as well.  The officers then ordered plaintiff to lift his arms, genitals, and penis, and then to turn around, lift his feet, and wiggle his toes.  Next, the officers ordered plaintiff to bend over at the waist and spread his buttocks for a visual inspection.

The entire search took approximately ten to fifteen minutes and was, according to plaintiff, "completely humiliating."  (SAC at 6).  Plaintiff was then taken back and handcuffed to the bench, and informed that he was being charged with three felony drug offenses.[2]  Two hours later he was taken to court, arraigned, and taken to the Sullivan County Jail.  Plaintiff was later convicted of criminal possession of a controlled substance in the third degree.

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss.  Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010).  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility."  Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[2]    Plaintiff alleges in his second amended complaint he was charged with three felony offenses.  In addition, defendants submitted copies of three felony complaints brought against plaintiff, as well as plaintiff's Uniform Sentence and Commitment Sheet, of which the Court may take judicial notice.  Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 (2d Cir. 2004) (holding a court may take judicial notice of public records).

3

564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation omitted) (collecting cases). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Qualified Immunity

Defendants argue they are entitled to qualified immunity because even if plaintiff's visual body cavity search violated the Fourth Amendment, there is no clearly established law governing suspicionless visual body cavity searches incident to a lawful felony drug arrest.

The Court agrees.

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982) (citations omitted). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of

establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015) (internal citation omitted).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established;' and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013) (quoting Taravella v. Town of Wolcott, 599 F.3d 129, 133–34 (2d Cir. 2010)).

"[A] 'visual body cavity search' is one in which the police observe the suspect's body cavities without touching them." Gonzalez v. City of Schenectady, 728 F.3d at 158 (internal citation omitted). In August 2013, the Second Circuit held a reasonable officer would not have understood in May 2006 that "conducting an otherwise suspicionless visual body cavity search of a person arrested for a felony drug offense was unlawful." Id. at 153, 162. To date, neither the Second Circuit nor the Supreme Court has held that such searches violate the Constitution. See Spencer v. Sullivan County, 2019 WL 4514011, at *6 (S.D.N.Y. Sept. 19, 2019). Thus, it was not clearly established at the time defendants conducted the search at issue in this case that a suspicionless visual body cavity search of a person arrested for felony drug offenses violates the Fourth Amendment.[3]

Here, plaintiff alleges defendants observed plaintiff's body cavities without touching them. Thus, plaintiff alleges defendants conducted a visual body cavity search. Further, as it

---

[3] To the extent plaintiff argues the search was unreasonable because it was conducted in the presence of a security camera and a second police officer, his claim fails. See Gonzalez v. City of Schenectady, 728 F.3d at 162 (holding multiple officers who conducted visual body cavity search incident to lawful arrest were entitled to qualified immunity); Peek v. City of New York, 2014 WL 4160229, at *3 (S.D.N.Y. Aug. 18, 2014) (holding there is no controlling law in the Second Circuit suggesting "simply capturing a strip search on camera renders the search unconstitutional").

was not clearly established in February 2018 that such a search violates the Fourth Amendment, defendants are entitled to qualified immunity.

Accordingly, defendants are entitled to qualified immunity on plaintiff's Fourth Amendment claim arising out of his allegedly unconstitutional visual body cavity search.

III. Official Capacity Claims

Plaintiff asserts claims against defendants in their official capacities, which the Court deems to be brought against New York State itself. See Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004) (internal citation omitted). "New York has not waived its immunity and consented to suit in federal court under . . . [Section] 1983, and Congress's enactment of . . . [Section] 1983 did not override the immunity that the states and their agencies enjoy under the Eleventh Amendment." Cajuste v. Lechworth Developmental Disabilities Serv., 2005 WL 22863, at *3 (S.D.N.Y. Jan. 5, 2005) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 38–40 (2d Cir. 1977)) (additional citations omitted).

Thus, plaintiff's Section 1983 claims against defendants in their official capacities are barred by the Eleventh Amendment and, accordingly, dismissed.

IV. State Law Claims

Having dismissed all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over any state law claims the second amended complaint can be liberally read to assert. See 28 U.S.C. § 1367(c)(3). Plaintiff's state law claims, to the extent he asserts them, are dismissed without prejudice.

V. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable

opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (internal quotation omitted). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted). However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). This is true even when plaintiff is proceeding pro se. See Martin v. Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).

Here, repleading would be futile because the problems with plaintiff's claims are "substantive," such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d at 112. As discussed above, defendants are entitled to qualified immunity on plaintiff's only federal claim, and the Eleventh Amendment bars any claims against the State. See Johnson v. Dobry, 660 F. App'x 69, 71 (2d Cir. 2016) (summary order) (holding amendment would have been futile because an officer was entitled to qualified immunity as demonstrated on the face of the complaint).

Accordingly, the Court declines to grant plaintiff leave to file a third amended complaint.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. # 28) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 24, 2019
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge